Matter of VCP One Park REIT LLC v New York City Tax Appeals Trib. (2019 NY Slip Op 03149)





Matter of VCP One Park REIT LLC v New York City Tax Appeals Trib.


2019 NY Slip Op 03149


Decided on April 25, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 25, 2019

Sweeny, J.P., Manzanet-Daniels, Tom, Kapnick, Moulton, JJ.


2970] 153/18

[*1] In re VCP One Park REIT LLC, et al., Petitioners,
v
New York City Tax Appeals Tribunal, et al., Respondents.


Greenberg Traurig LLP, New York (Carmen Beauchamp Ciparick, Glenn Newman and Ivy Lapides of counsel), for petitioners.
Zachary W. Carter, Corporation Counsel, New York (Andrew G. Lipkin and Joshua Sivin of counsel), for respondents.



Determination of respondent New York City Tax Appeals Tribunal, dated February 16, 2018, which modified the decision of an administrative law judge that held that petitioners' transfer of an economic interest in real property was entitled to the reduced New York City Real Property Transfer Tax (RPTT) rate applicable to real estate investment trust (REIT) transfers and cancelled Notices of Determination that had imposed additional such taxes, to the extent of reversing the finding that the transfer was a REIT transfer subject to the reduced rate and setting forth a different calculation of taxable consideration to be taxed at the 2.625% RPTT rate, unanimously confirmed, and the proceeding commenced in this Court pursuant to CPLR 506(b)(4) and article 78, dismissed, without costs.
Under Title 11, Chapter 21 of the Administrative Code of the City of New York, a REIT transfer subject to the reduced RPPT rate occurs, where, as relevant here, there is an instrument transferring real property or an economic interest therein to a newly formed REIT, the value of the ownership interests in the REIT received by the grantor as consideration for the transfer is at least 40% of the value of the equity interest in the real property or economic interest therein transferred by the grantor to the grantee, and the grantor retains its ownership interest in the REIT for at least two years (the 40% Test) (Administrative Code § 11-2102.e[2][C]).
The Tax Appeals Tribunal properly applied the relevant code provisions in determining that the transfer at issue here did not satisfy the 40% Test so as to qualify as a REIT transfer subject to the reduced RPTT rate, and properly calculated the amount of consideration subject to the RPTT.
Petitioners cannot rely on Administrative Code § 11-2102.e(3), which provides that "(f)or purposes of determining the consideration for a real estate investment trust transfer taxable under this subdivision e the value of the real property or interest therein shall be equal to the estimated market value as determined by the commissioner of finance for real property tax purposes as reflected on the most recent notice of assessment issued by such commissioner . . .", as a basis for making the transfer a REIT transfer subject to the reduced RPTT rate. That subsection does not supersede Administrative Code § 11-2102.e(2)(C)'s specifications for the satisfaction of the 40% Test, including with respect to any specifications regarding the calculation of the consideration of the REIT interests received by the grantor for the conveyance or transfer or the total consideration for the conveyance or transfer received by the grantor, and petitioners fail to [*2]show that the Tribunal erred to the extent it applied the 40% Test under the terms of Administrative Code § 11-2102.e(2)(C) or in its calculation of the consideration subject to the RPTT rate of 2.625% applicable to the non-REIT transfer.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 25, 2019
CLERK